```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

UNITED STATES OF AMERICA

VS.                              CRIMINAL NO. 3:07-cr-138(DCB)(LRA)

JOSEPH McNEALY

ORDER

This cause is before the Court on the defendant Joseph McNealy ("McNealy")'s motion to dismiss for fair trial violation **(docket entry 21)**. Having carefully considered the motion and the government's response, and being fully advised in the premises, the Court finds that no oral hearing is necessary, and finds as follows:

The indictment in this case charges McNealy with one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), and three counts of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2)[1], and includes a forfeiture count pursuant to 18 U.S.C. § 2253. McNealy moves for dismissal of all counts, asserting that 18 U.S.C. § 2252, et seq., is unconstitutional on its face, preventing him from obtaining a fair trial. He alleges:

> The government in this case will perform, or has the option to perform, a range of evidence gathering tasks in

---

[1] The original indictment charged McNealy with one count each of possession and receipt of child pornography. On August 20, 2008, the government filed a superseding indictment charging McNealy with two additional counts of receipt of child pornography.

>       preparation for hearings and trial. ...  Defense counsel
>       is unable to perform any of those tasks as the government
>       will exercise its discretion to prosecution [sic] defense
>       counsel and or its experts for performing such tasks
>       claiming that [sic] are violations of 18 U.S.C. 2252, et
>       seq for which there is no immunity.  It is important to
>       note, that only defense counsel and their experts are not
>       immune from prosecution for the performance of these
>       tasks.  The prosecution and its private citizen or law
>       enforcement witnesses are immune from prosecution for the
>       performance of these tasks.

Motion to Dismiss, p. 2.

McNealy argues that while the government has the ability to perform investigative tasks concerning the materials he is charged with possessing and receiving, his counsel and experts are prohibited from performing similar tasks, because in doing so they would be violating the same statutes McNealy is charged with violating.  He has not shown, however, that his counsel and experts are prohibited from performing investigative tasks.  The Adam Walsh Child Protection and Safety Act of 2006, 18 U.S.C. § 3509, provides that "defendants, their legal counsel and their experts are entitled to 'inspect[], view[], and examin[e]' the child pornography," although "[t]hey cannot ... take the child pornography out of the custody of the court or the government." U.S. v. Johnson, 456 F.Supp.2d 1016 (N.D. Iowa 2006)(citing 18 U.S.C. § 3509(m)(2)).  Furthermore, the government asserts that it has "provided the defendant with the opportunity to view and inspect the evidence."  Government's Response, p. 1.

As for fear of prosecution, the defendant fails to address why

a limited protective or immunity order could not be issued in this case, and fails to show that he has sought such an order.  In short, the defendant has failed to present a basis for challenging the constitutionality of 18 U.S.C. § 2252, et seq.

Accordingly,

IT IS HEREBY ORDERED that the defendant Joseph McNealy's motion to dismiss for fair trial violation **(docket entry 21)** is DENIED.

SO ORDERED, this the 22nd day of September, 2008.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE