IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

VS.                          CRIMINAL NO. 3:07-cr-138(DCB)(JCS)

JOSEPH McNEALY


ORDER

This cause is before the Court on the defendant Joseph McNealy ("McNealy")'s motion to dismiss for statutory vagueness **(docket entry 22)**.  Having carefully considered the motion and the government's response, and being fully advised in the premises, the Court finds that no oral hearing is necessary, and finds as follows:

The indictment in this case charges McNealy with one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), and three counts of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2)[1], and includes a forfeiture count pursuant to 18 U.S.C. § 2253.  McNealy moves for dismissal of all counts, asserting that 18 U.S.C. § 2252, et seq., is unconstitutionally vague.

McNealy states that his motion presents two issues regarding vagueness: (1) whether the statute's use of the word "knowingly" is

_____

[1] The original indictment charged McNealy with one count each of possession and receipt of child pornography.  On August 20, 2008, the government filed a superseding indictment charging McNealy with two additional counts of receipt of child pornography.

vague; and (2) whether the statute includes a scienter requirement. Motion to Dismiss, p. 2.  "[A] statute is void for vagueness if it does not give adequate notice to people of ordinary intelligence concerning the conduct it proscribes, or if it invites arbitrary and discriminatory enforcement." United States v. Halter, 259 Fed. Appx. 738, 739 (6th Cir. 2008)(citing Kolender v. Lawson, 461 U.S. 352, 357 (1983))(additional citation omitted).

McNealy argues that "[t]he statute is unconstitutional on its face and as applied to McNealy because he is unable to know whether the charged items contain actual minors." Motion to Dismiss, p. 5. This claim does not meet the threshold requirements to prove statutory vagueness under the void-for-vagueness doctrine.  The statute gives adequate notice to people of ordinary intelligence concerning the conduct it proscribes, because it clearly prohibits the knowing possession, receipt, and distribution of child pornography, i.e. pornography involving actual minors.  McNealy admits as much when he states, "This motion is not about whether the charged items are or are not prohibited by the statute." Motion to Dismiss, p. 10.  Furthermore, the meaning of the term "knowingly" is well-settled.  See Bryan v. United States, 524 U.S. 352, 357 (1983)("unless the text of the statute dictates a different result, the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense").  Nor does the defendant allege anywhere in his motion that enforcement of the

statute is arbitrary or discriminatory.  Thus, by definition, he fails to satisfy the requirements for a successful claim of statutory vagueness.

McNealy also argues that the statute is unconstitutionally vague as applied to him.  In support, he points to several cases in which evidence was introduced regarding the difficulty of distinguishing between virtual and real child pornography. According to the defendant, technology has advanced to such a degree that it is impossible to determine whether the images the defendant viewed were of actual minors or virtual images of minors. The defendant's argument in this regard exceeds the scope of a motion to dismiss, because it requires consideration of evidentiary materials.  Factual issues, such as proving knowledge, that go to the heart of an offense for which the defendant has been charged should be resolved by juries at trial, not in pre-trial motions. See United States v. Knox, 396 U.S. 77, 83 n.7 (1969).

As for McNealy's argument regarding scienter, the Supreme Court has clearly stated that the statute includes a scienter requirement.  See United States v. X-Citement Video, Inc., 513 U.S. 64, 72 (1994)(holding that the term "knowingly" in § 2252 extends to each of the statutory elements).  The defendant argues, however, that "[t]he statute permits prosecution of persons [who] have not done anything 'morally wrong,' or had 'an evil intent,' simply because [they] passively received and possessed depictions of child

3

pornography [they] did not seek." Motion to Dismiss, p. 4 (citing X-Citement, 513 U.S. at 73 n.3).

Despite the defendant's argument, "the Constitution does not mandate that the statute be interpreted to require proof that a defendant acted with a bad motive or evil intent." United States v. Matthews, 209 F.3d 338, 351 (4th Cir. 2000). In Matthews, the Fourth Circuit upheld the conviction under § 2252 of a journalist who claimed that he had sent and received child pornography merely as part of his research into a news story. Id. at 338. The Fourth Circuit explicitly rejected the journalist's argument that § 2252 is unconstitutional because violating the statute does not require criminal intent. Id. at 350. The decision in Matthews also rejected the argument – which the defendant likewise makes here – that the safe harbor provision in § 2252 is insufficient to protect those who might innocently view child pornography. Id.

The Court therefore finds that the statute is not void for vagueness either on its face or as applied to McNealy. Accordingly,

IT IS HEREBY ORDERED that the defendant Joseph McNealy's motion to dismiss for statutory vagueness **(docket entry 22)** is DENIED.

SO ORDERED, this the 3rd day of November, 2008.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE

4