```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

UNITED STATES OF AMERICA

VS.                              CRIMINAL NO. 3:07-cr-138(DCB)(JCS)

JOSEPH McNEALY


ORDER

This cause is before the Court on the defendant Joseph McNealy ("McNealy")'s motion to dismiss for overbreadth **(docket entry 23)**. Having carefully considered the motion and the government's response, and being fully advised in the premises, the Court finds that no oral hearing is necessary, and further finds as follows:

The indictment in this case charges McNealy with one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), and three counts of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2)[1], and includes a forfeiture count pursuant to 18 U.S.C. § 2253.  McNealy moves for dismissal of all counts, asserting that 18 U.S.C. § 2252, et seq., is unconstitutionally overbroad on its face and as applied to him.

According to the Supreme Court's "First Amendment overbreadth doctrine, a statute is facially invalid if it prohibits a substantial amount of protected speech."  United States v.

---

[1] The original indictment charged McNealy with one count each of possession and receipt of child pornography.  On August 20, 2008, the government filed a superseding indictment charging McNealy with two additional counts of receipt of child pornography.

Williams, ___ U.S. ___, ___, 128 S.Ct. 1830, 1838 (2008). "Invalidation for overbreadth is strong medicine that is not to be casually employed." Id. (internal quotation marks and citations omitted).

"The first step in overbreadth analysis is to construe the challenged statute; it is impossible to determine whether a statute reaches too far without first knowing what the statute covers." Id. Sections 2252, et seq, clearly prohibit the knowing possession, receipt, and distribution of child pornography, i.e. pornography involving actual minors. The statute does not prohibit virtual child pornography or pornography involving non-minors.

In Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002), the Supreme Court held that 18 U.S.C. §§ 2256(8)(B) and (D) were unconstitutional in that they prohibited "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture," that "is, or appears to be, of a minor engaging in sexually explicit conduct," § 2256(8)(B), and any sexually explicit image that is "advertised, promoted, presented, described, or distributed in such a manner that conveys the impression" it depicts "a minor engaging in sexually explicit conduct," § 2256(8)(D). Thus, the statute violated the First Amendment by attempting to proscribe virtual child pornography in addition to actual child pornography involving real children. Id. at 256. In response to the Supreme Court's decision, Congress

2

passed a new version of the statute which does not prohibit virtual child pornography. In fact, the defendant does not argue in his motion that the statute on its face chills the exercise of First Amendment rights.

McNealy argues, however, that with advancements in computer imaging techniques, virtual images are now indistinguishable from real images of children. Motion to Dismiss, p. 3. Thus, according to the defendant, the statute, in attempting to regulate unprotected speech, also chills protected speech by forcing people to "guess" whether child pornography is real or virtual. Motion to Dismiss, p. 3. This argument was itself rejected by the Supreme Court in <u>Free Speech Coalition</u>. <u>Id</u>. at 254. The defendant's argument rests, therefore, on advances in imaging techniques since <u>Free Speech Coalition</u> was decided in 2002. Although virtual images have no doubt become more sophisticated, the defendant does not cite a single case holding that virtual images have become indistinguishable from images of real children.

Furthermore, assuming <u>arguendo</u> that real and virtual images can be indistinguishable, Sections 2252(a)(2) and 2252(a)(4)(B) would affect at most only a relatively minor amount of legal pornography. The overbreadth doctrine prevents a statute from chilling a "substantial" amount of speech relative to the statute's plainly legitimate reach. <u>Virginia v. Hicks</u>, 539 U.S. 113, 118 (2003). The doctrine does not invalidate a statute merely because

it is possible to imagine <u>some</u> impermissible application of the statute. <u>United States v. Adams</u>, 343 F.3d 1024, 1034 (9th Cir. 2003).

The Sixth Circuit recently recognized this limitation on the overbreadth doctrine, rejecting arguments nearly identical to those of McNealy. In <u>United States v. Halter</u>, 259 Fed. Appx. 738 (6th Cir. 2008), the defendant appealed his conviction for possession of sexually explicit depictions of minors under § 2252(a)(4)(B), arguing that § 2252 is overbroad because it discourages the possession of legal, virtual child pornography by prohibiting digital images of illegal, real child pornography. <u>Id</u>. at 740. The Sixth Circuit held that "any arguably impermissible applications of the statute to citizens who view simulated child pornography amount to no more than a tiny fraction of the material within the statute's reach." <u>Id</u>. The same conclusion applies equally to § 2252(a)(2), which has a reach virtually identical to that of § 2252(a)(4)(B). The Court finds that the defendant's challenge to the statute based on overbreadth fails both on the face of the statute and as applied to the defendant. Accordingly,

IT IS HEREBY ORDERED that the defendant Joseph McNealy's motion to dismiss for overbreadth **(docket entry 23)** is DENIED.

SO ORDERED, this the 3rd day of November, 2008.

/s/ David Bramlette<br>
UNITED STATES DISTRICT JUDGE