IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

VS.	CRIMINAL NO. 3:07-cr-138(DCB)(LRA)

JOSEPH McNEALY

ORDER

This cause is before the Court on the government's motion to amend Order of December 21, 2007 **(docket entry 26)**, or, in the alternative, to dismiss **(docket entry 28)**; and on the defendant Joseph McNealy's motion to dismiss for violation of the Speedy Trial Act **(docket entry 31)**.  Having carefully considered the motions and responses, and being fully advised in the premises, the Court finds as follows:

The defendant moves for dismissal based on alleged violations of the Speedy Trial Act.  On December 13, 2007, the defendant moved for a continuance, citing his interest in affording his counsel adequate time to fully prepare for trial.  On December 21, at the behest of the defendant, the trial date was continued from January 7, 2008 to an unspecified future date.  On January 18, 2008, attorney Dean Boland filed a motion to appear on behalf of the defendant pro hac vice.  This motion was denied without prejudice on January 25, 2008.  On February 13, 2008, attorney Boland filed an amended motion to appear pro hac vice, which was granted on February 19, 2008.  On March 13, 2008, the trial date was set for

April 14, 2008, and was subsequently changed to April 15, 2008 by entry of March 27, 2008.

On April 2, 2008, the government requested a continuance due to the unavailability of a witness. The defendant agreed to the continuance, and agreed to the new trial date of June 23, 2008.

In his motion to dismiss, the defendant argues that the time from the December 21, 2007 continuance until the June 4, 2008 filing of several pre-trial motions by McNealy is not excludable under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. ("the Act"). A violation of the Act occurs if a criminal defendant's trial does not begin within seventy days, less excludable time, of the filing of the indictment or the date of arraignment, whichever last occurs. 18 U.S.C. § 3161(c)&(h). McNealy argues that the seventy days provided by the Act expired because the Court failed to make specific factual findings regarding whether the "ends of justice" required the continuance of his criminal trial.

The Act provides, in § 3161(h), that certain "periods of delay shall be excluded in computing the time within which ... the trial ... must commence," including:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection

> unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(8)(A).

The Supreme Court has held that the "best practice ... is for a district court to put its findings on the record at or near the time when it grants the continuance." Zedner v. United States, 547 U.S. 489, 507 n.7 (2006). However, "[a]lthough the Act is clear that the findings must be made, if only in the judge's mind, before the granting of the continuance ... the Act is ambiguous on precisely when those findings must be 'se[t] forth, in the record of the case.'" Id. at 506-507 (quoting 18 U.S.C. § 3161(h)(8)(A)). "[A]t the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2)." Zedner, 547 U.S. at 507.

In this case, the defendant's motion of December 13, 2007, specifically requested a continuance so that his counsel could be fully prepared at trial, and declared that this reason outweighed his interest in a speedy trial. The motion further stated:

> Defendant, Joseph McNealy, waives his right to a speedy trial under the Sixth Amendment of the United States Constitution and under 18 U.S.C. [§] 3161. The interest of the Defendant in having counsel fully prepared at trial outweighs his interest in a speedy trial.

Motion for Continuance, ¶ 3.

A proposed order granting the motion was prepared by counsel for defendant, and submitted for signature. The defendant's motion was granted, and the Order entered on December 21, 2007. The granting of the motion implicitly found the motion well-taken on the grounds stated in the defendant's motion. However, explicit findings are required to be made. See Zedner, 547 U.S. at 507.

Section 3161(h)(8)(A) provides that a continuance can only be "granted ... on the basis of [the court's] findings." The Supreme Court has likewise held that "the findings must be made, if only in the judge's mind, before granting the continuance." Id. at 506. The Court therefore emphasizes that the following findings were made "in the judge's mind, before granting the continuance," and are here made part of the record.

The Court notes at the outset that the defendant may not waive his right to a speedy trial. See United States v. Willis, 958 F.2d 60, 63 (5th Cir. 1992); United States v. Kingston, 875 F.2d 1091, 1107 (5th Cir. 1989). Nevertheless, a voluntary waiver by the defendant may still be effective "if the judge considered the defined factors and concluded the ends of justice are served by an acceptance of the defendant's waiver." United States v. Saltzman, 984 F.2d 1087, 1091 (10th Cir.)(citation omitted), cert. denied, 508 U.S. 964 (1993), quoted in United States v. Blackwell, 12 F.3d 44, 47 (5th Cir. 1994).

Among the factors weighed in considering the "ends of justice"

4

issue are "[w]hether the case is so unusual or complex ... that it is unreasonable to expect adequate preparation ... for the trial itself within the time limits established by this section."  18 U.S.C. § 1361(h)(8)(B)(ii).  The court also considers, in a case not so unusual or complex, whether the failure to grant a continuance "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(8)(B)(iv).  In this case, the defendant requested, and was granted, additional time for his counsel to prepare for trial.  The Court found that to deny the continuance would have deprived the defendant of reasonable time necessary for effective preparation, and that the ends of justice would be served by granting the continuance requested by the defendant.  The Court also found that the ends of justice served by the granting of the continuance outweighed the best interests of the public and the defendant in a speedy trial.

McNealy also argues that the continuance was ineffective as excludable time under the Act because it was "a prospective continuance with no time limit."  Motion to Dismiss, p. 7 (citing <u>Zedner</u>).  Although the Order states that "the trial date of January 7, 2008 is hereby continued to a future date," Order of December 21, 2007, that provision was made so that the Court could confer with counsel for the defendant and the government and determine a

mutually agreeable trial setting during the next calendar. Furthermore, the Order with that provision was prepared by defendant's counsel, and the provision was made to accommodate the defendant and his counsel. Order of December 21, 2007. As stated above, attorney Dean Boland filed pro hac vice motions on January 18, 2008, and February 13, 2008, and his appearance in the case on behalf of the defendant was approved on February 19, 2008. On March 13, 2008, the trial date was set for April 14, 2008, and was subsequently changed to April 15, 2008 by entry of March 27, 2008. An open-ended "ends of justice" continuance is permissible for a reasonable time period. See United States v. Jones, 56 F.3d 581, 586 (5th Cir. 1995). The delay was reasonable given the defendant's need for adequate trial preparation, his consent to the continuance, and the fact that he did not suggest a trial date earlier than April 14, 2008. The defendant's motion, as to the December 21, 2007 continuance, is not well taken.

As for the government's April 2, 2008, motion for continuance, the government clearly set forth its reason for seeking the continuance, i.e., the unavailability of an essential government witness. The motion further stated that both of the defendant's attorneys, Kevin D. Camp and Dean Boland, had been contacted, and that they had no objections to the government's request for a continuance and the exclusion of time under the Speedy Trial Act.

The Act provides, in § 3161(h), that "[a]ny period of delay

resulting from the absence or unavailability of the defendant or an essential witness" shall be excluded in computing the time within which trial must commence.  18 U.S.C. § 3161(h)(3)(A).  The Act further provides that "[f]or purposes of subparagraph (A) of this paragraph ... a defendant or an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial.  18 U.S.C. § 3161(h)(3)(B).  Elsewhere, the Act provides that "[n]o continuance under subparagraph [3161(h)(8)(A)] shall be granted because of ... failure to obtain available witnesses on the part of the attorney for the Government."  18 U.S.C. § 3161(h)(8)(C).

The Court found that the government's witness, Special Agent Tonya Barrett of Immigration and Customs (ICE), was both a material and an essential witness for the government's case in chief against the defendant, and that she was unavailable because her presence was required at a workshop conducted by her agency.  The Court found that the government had exercised due diligence in attempting to obtain Agent Barrett's presence at trial, and that the government did not intentionally cause the delay in order to obtain a strategic advantage.  The Court also found that the defendant was not prejudiced by the delay, and that to deny the continuance would make the proceeding impossible or result in a miscarriage of justice.  Because the unavailability of the witness could not be

7

attributed to the prosecution, the Court found the motion to be well taken, and found that the continuance would constitute excludable time under § 3161(h)(3)(A).  See United States v. Robinson, 104 F.3d 361, 1996 WL 732297, *4 (6th Cir. 1996)(unpublished)(government witness unavailable because of two-week DEA training session).

Unlike § 3161(h)(8)(A), § 3161(h)(3)(A) does not require an "ends of justice" analysis. United States v. McNeil, 911 F.2d 768, 773 (D.C. Cir. 1990)("paragraph (h)(8) is not applicable to an "essential witness" delay"); United States v. Bourne, 743 F.2d 1026, 1031 (4th Cir. 1984)(section 3161(h)(3)(A) "does not require that the trial judge make specific findings that the ends of justice require the continuance"); United States v. Allen, 235 F.3d 482, 491 (10th Cir. 2000)(section 3161(h)(3)(A) "provides ample independent statutory authority for excluding such periods of delay from the speedy trial calculation").

The Court finds that the continuances challenged by the defendant are in compliance with the Speedy Trial Act and constitute excludable time under the Act; therefore, the Court finds that the defendant's motion to dismiss based on alleged violations of the Speedy Trial Act is without merit and shall be denied.

The government's motion to amend this Court's Order of December 21, 2007, is granted to the extent that it seeks

clarification of findings under the Speedy Trial Act.  The government's motion to dismiss without prejudice is denied as moot. Accordingly,

IT IS HEREBY ORDERED that the defendant Joseph McNealy's motion to dismiss **(docket entry 31)** is DENIED;

FURTHER ORDERED that the government's motion to amend Order of December 21, 2007 **(docket entry 26)**, is GRANTED;

FURTHER ORDERED that the government's motion, in the alternative, to dismiss **(docket entry 28)** is DENIED AS MOOT.

SO ORDERED, this the 28th day of November, 2008.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE