IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

VS.                              CRIMINAL NO. 3:07-cr-138(DCB)(LRA)

JOSEPH McNEALY

ORDER

This cause is before the Court on the defendant Joseph McNealy ("McNealy")'s objection to Magistrate Judge James C. Sumner's order denying protective order **(docket entry 82)**.  Having carefully considered the objection, and being fully advised in the premises, the Court finds as follows:

On June 4, 2008, the defendant filed a motion to dismiss for fair trial violation.  The defendant claimed that "[t]he government in this case will perform, or has the option to perform, a range of evidence gathering tasks in preparation for hearings and trial. ... Defense counsel is unable to perform any of those tasks as the government will exercise its discretion to prosecut[e] defense counsel and or its experts for performing such tasks claiming [...] violations of 18 U.S.C. 2252, et seq. for which there is no immunity."  Motion to Dismiss, p. 2.  On September 22, 2008, the Court denied the defendant's motion, noting that defense counsel and experts "are entitled to 'inspect[], view[], and examin[e]' the child pornography," although "[t]hey cannot ... take the child pornography out of the custody of the court or the government."

Order of Sept. 22, 2008, p. 2 (quoting <u>U.S. v. Johnson</u>, 456 F.Supp.2d 1016 (N.D. Iowa 2006)(citing 18 U.S.C. § 3509(m)(2)). The Court further noted that the defendant had failed to seek a protective order from the Court. Order of Sept. 22, 2008, pp. 2-3.

Trial was set for November 12, 2008. On November 4, 2008, the government moved for a continuance, showing, <u>inter alia</u>, that it had received notice from defense counsel indicating that the defendant had retained a forensic expert and was requesting to view, inspect and examine the government's computer evidence. The government offered to make the evidence available, but before an examination could be accomplished, the defendant's expert withdrew. On November 6, 2008, the Court indicated to the parties that a continuance would be granted, and set a pretrial conference for December 3, 2008.

At the December 3, 2008 conference, the parties agreed on a trial date of March 24, 2009. The parties also discussed the defendant's intent to retain an expert and to furnish his expert material to the government sufficiently in advance of the trial date. The parties agreed that thirty days would be sufficient. The Court therefore ordered that the defendant was to furnish his expert materials to the government on or before February 23, 2009. The parties also agreed that the government would file a motion for a protective order to allow the defendant's expert to make the examination. The government filed its motion on December 3, 2008.

No objection to the motion was made by the defendant.  On December 9, 2008, a Protective Order was entered by the Court.

On February 15, 2009, the defendant filed a motion for protective order, and on February 19, 2009, the defendant filed a request for additional time to furnish his expert report to the government.  The defendant showed that he had retained an expert and had requested the government to make the evidence available, but that the expert had subsequently withdrawn.  McNealy had then retained a second expert, and arrangements were made for inspection at a government facility in Mobile, Alabama.  The defendant requested an extension to February 27, 2009, to furnish his expert report to the government.  On February 20, 2009, the government responded to the motion, and it was granted by Magistrate Judge Sumner on March 3, 2009.

On March 6, 2009, the government responded to McNealy's motion for protective order.  On March 12, 2009, Magistrate Judge Sumner denied the defendant's motion, finding that a protective order was already in place, that it adequately addressed the concerns of the defendant, and that it allowed adequate examination of all discoverable evidence.

The defendant's present objection to Magistrate Judge Sumner's Order was filed at 2:29 p.m. on Friday, March 20, 2009, with trial set to begin on Tuesday, March 24, 2009.  The defendant does not reveal what, if any, efforts he made to have his second expert

inspect the evidence at the government facility in Mobile, Alabama. The Court finds that a protective order has been in place since December 9, 2008. The Court further finds that the government has made its computer evidence available to the defendant both prior to and after the entry of the protective order. Further, the defendant was advised by the Court to seek a protective order in its Order of September 22, 2008. At the December 3, 2008 conference, the defendant still had not moved for a protective order, and agreed that the government could make the motion. Following the December 9, 2008 entry of the protective order, the defendant moved forward with procuring an expert and scheduling an examination of the evidence, with no objection to the protective being made until February 15, 2009. The Court further finds that the defendant, his counsel and expert are adequately protected by the protective order in place, and that the defendant has failed to show that the magistrate judge's order is "contrary to law or clearly erroneous" (Fed.R.Crim.P. 59(a)). Accordingly,

IT IS HEREBY ORDERED that the defendant's objection to Magistrate Judge James C. Sumner's order denying protective order **(docket entry 82)** is DENIED.

SO ORDERED, this the 23rd day of March, 2009.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE
