```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       NORTHERN DIVISION
```

JOSEPH McNEALY                                              PETITIONER

VS.                                    CIVIL ACTION NO. 3:12-cv-85(DCB)
                                       Criminal No. 3:07-cr-138(DCB)(LRA)

UNITED STATES OF AMERICA                                    RESPONDENT

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the petitioner Joseph McNealy's Motion to Vacate Under 28 U.S.C. § 2255 **(docket entry 126)**, motion to file oversized brief **(docket entry 125)**, motion for discovery **(docket entry 136)**, motion requesting copies **(docket entry 138)**, and motion for hearing **(docket entry 152)**. Having carefully considered the motions and the government's responses, and being fully advised in the premises, the Court finds as follows:

On August 28, 2008, the defendant, Joseph McNealy, was named in a four-count superseding indictment charging him with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). McNealy was initially represented by Attorney S. Dennis Joiner, whom the Court allowed to withdraw after McNealy retained Attorney Kevin D. Camp and Attorney Dean M. Boland. Attorneys for the defendant filed pretrial motions to dismiss the indictment based on statutory overbreadth and fair trial

violations, as well as a motion to suppress digital image, computer and other seized evidence.  The jury found the defendant guilty on all counts on March 26, 2009.  Following the trial, the United States Probation Office prepared a Presentence Investigation Report ("PSR").  Prior to the June 4, 2009 sentencing hearing, attorneys for the defendant lodged a number of objections to the PSR.  Defendant's sentencing hearing was continued until July 2, 2009.  Following a lengthy sentencing hearing, the defendant was sentenced to 70 months of imprisonment, to be followed by lifetime supervised release.  The defendant, feeling aggrieved by the district court conviction, appealed to the United States Court of Appeals for the Fifth Circuit, claiming a number of errors before and during his trial.  The Fifth Circuit affirmed the conviction in a published opinion on November 5, 2010, and issued its Mandate on November 30, 2010.  See United States v. McNealy, 625 F.3d 858 (5th Cir. 2010).  The defendant chose not to exercise his right to file a petition to the Supreme Court for Certiorari within the 90 days allowed.  Therefore, the One Year Statute of Limitations began to run on March 1, 2011.

    The Government concedes that the defendant's Section 2255 motion is timely before the Court under the Fifth Circuit's ruling in United States v. Thomas, 203 F.3d 350, 353 (5th Cir. 2000).  However, the Government contends that the defendant's motion should be denied to the extent that it raises claims previously raised on

Direct Appeal, with the exception of the claims of ineffective assistance of counsel.

McNealy raises the following claims which were previously raised on direct appeal:

(1) Whether McNealy's Speedy Trial Act Rights were violated by the delay caused by multiple continuance orders omitting language required by the Speedy Trial Act to exclude the delay time from his Speedy Trial Act calculation;

(2) Whether the District Court erred by admitting photographic or image evidence that was not properly authenticated under Fed.R. Evid. 901 and 1001;

(3) Whether the Court erred by denying McNealy's motion to dismiss for Fair Trial Violation;

(4) Whether the Court erred by denying McNealy's motion to prohibit the Government from using copies of the original evidence it intentionally destroyed;

(5) Whether the Government's evidence was sufficient to support a conviction when it failed to present any evidence as to McNealy's knowledge that the images he allegedly possessed depicted actual minors;

(6) Whether the Court erred by denying McNealy's Fed.Crim.R. 29 Motion for a Directed Verdict.

"It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are

not considered in § 2255 Motions." United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986); see also United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994).  The claims made by McNealy in his motion are simply further amplification of the same arguments made on appeal and decided adversely to the defendant.

"Once the defendant's chance to appeal has been waived or exhausted," the courts "are entitled to presume that [the defendant] stands fairly and finally convicted."  "When Congress enacted 28 U.S.C. § 2255 in 1948, it simplified the procedure for making a collateral attack on a final judgment entered in a federal criminal case, but it did not purport to modify the basic distinction between direct review and collateral review.  It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." United States v. Addonizio, 442 U. S. 178, 184 (1979).

As the Supreme Court has emphasized, a "collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). After conviction and exhaustion or waiver of any right to appeal, "we are entitled to presume that [the defendant] stands fairly and finally convicted." Id. at 164.  A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude, Hill v. United States, 368 U. S. 424, 428 (1962), and may not raise an

4

issue for the first time on collateral review without showing both "cause" for his procedural default, and "actual prejudice" resulting from the error. Frady, 456 U. S. at 168. This cause and actual prejudice standard presents a "significantly higher hurdle than would exist on direct appeal." Id. at 166. "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks. To the contrary, a final judgment commands respect." Id. at 164-65. The defendant's motion as to these claims shall be denied based on the jury verdicts and the Fifth Circuit's affirming the conviction.

As for McNealy's allegations of ineffective assistance of counsel, he raises the following claims:

(1) Counsel failed to file a motion to suppress based on the defendant's arguably coerced consent to search his house and computer;

(2) Counsel did not advise defendant of any plea offers made by the government, or adequately advise him concerning the possibility of pleading guilty or nolo contendere without an "offer," "deal," or "plea agreement;"

(3) Counsel failed to adequately advise the defendant concerning whether he should proceed to a jury trial or move for a bench trial on stipulated facts, or seek a reduction in sentence for acceptance of responsibility;

(4) Counsel failed to move for dismissal of the indictment on the grounds that it was not presented or returned by the grand jury in open court; failed to request appropriate jury instructions; and failed to investigate or present evidence and legal authority regarding sentencing.

Regarding defendant's claims that his attorneys were ineffective, his burden is high:

> To succeed on any claim of ineffective assistance of counsel, a defendant must show that: (1) the attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that except for the attorney's unprofessional errors, the results of the proceeding would have been different.

United States v. Kinsey, 917 F.2d 181, 183 (5th Cir. 1990)(citing Strickland v. Washington, 466 U. S. 668, 687-688 (1984)); see also Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).  Merely demonstrating that defense counsel made an error is not enough. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. Thus, "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." Id. at 692.  In order to establish prejudice, a convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine

confidence in the outcome." Id. at 694; see also Smith v. Puckett, 907 F.2d 581, 584-85 (5th Cir. 1990). A failure to establish either of the Strickland prongs makes it unnecessary to examine the other. Buxton v. Lynaugh, 879 F.2d 140, 142 (5th Cir. 1989). Further, Strickland held that a Court is not required to determine whether counsel was ineffective prior to making a determination that the defendant suffered no prejudice and dismissing the defendant's motion.

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

Strickland, 466 U. S. at 697.

In this case, the defendant fails to show that he suffered any prejudice because of his counsel's alleged deficiencies, nor has he shown that his counsel's performance fell below an objective standard of reasonableness. Indeed, the record makes clear that the evidence against the defendant at trial was overwhelming, a fact that the Fifth Circuit recognized when it denied McNealy's appellate challenge to the sufficiency of the evidence. See McNealy, 625 F.3d at 870-71.

Regarding McNealy's claims that his counsel failed to adequately advise him concerning the possibility of a plea, a reduction for acceptance of responsibility, and/or other sentencing

7

issues, the defendant raises the notion that, had he known about a plea offer, he would have entered a change of plea from not guilty to guilty. To meet the prejudice prong, McNealy must show that "but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Strickland, 466 U.S. at 687. Any amount of additional jail time is significant for purposes of showing prejudice. Id. at 688.

In this case, there is no record evidence showing that, after conviction and before sentencing, the defendant engaged in any conduct consistent with acceptance of responsibility. Instead, he pursued a direct appeal alleging insufficiency of the evidence. Under the sentencing guidelines, acceptance of responsibility is shown by pleading guilty "combined with truthfully admitting the conduct comprising the offense of conviction," but "this evidence may be outweighed" by conduct inconsistent with such acceptance of responsibility. See USSG § 3E1.1(a) and cmt. 3. Furthermore, "a defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." See id. Based on the

foregoing, even if McNealy had successfully entered a guilty plea, a plea of nolo contendere, or an <u>Alford</u> plea, he would not have been entitled to a reduction for acceptance of responsibility. <u>See United States v. Harlan</u>, 35 F.3d 176, 181 (5th Cir. 1994).

The Court finds that McNealy has not shown that he would have pled guilty but for the alleged ineffective assistance of counsel. In the alternative, assuming McNealy would have pled guilty, he has not shown that he would have received a lesser sentence.

The Court also finds that McNealy is not entitled to an evidentiary hearing. The Fifth Circuit has stated that a defendant is entitled to an evidentiary hearing on a § 2255 motion only if he presents "independent indicia of the likely merit of [his] allegations." <u>United States v. Reed</u>, 719 F.3d 369, 373 (5th Cir. 2013)(quoting <u>United States v. Cavitt</u>, 550 F.3d 430, 442 (5th Cir. 2008)). Inasmuch as McNealy has not produced any independent indicia of the likely merit of his claims, he is not entitled to a hearing. Nor is the defendant entitled to discovery, since his request relates to claims that are foreclosed because they were raised on direct appeal. The defendant's request for copies is moot because the defendant subsequently retained counsel.

For the foregoing reasons, the Court finds that McNealy's motion to vacate shall be denied.

ACCORDINGLY,

IT IS HEREBY ORDERED that the petitioner's Motion to Vacate

pursuant to 28 U.S.C. § 2255 **(docket entry 126)** is DENIED;

FURTHER ORDERED that the petitioner's motion for hearing (**docket entry 152**) is DENIED;

FURTHER ORDERED that the petitioner's motion to file oversized brief **(docket entry 125)** is GRANTED;

FURTHER ORDERED that the petitioner's motion for discovery **(docket entry 136)** is DENIED;

FURTHER ORDERED that the petitioner's motion requesting copies **(docket entry 138)** is MOOT.

A final judgment shall issue forthwith, dismissing the petitioner's habeas claim with prejudice.

Because the Court concludes that a reasonable jurist would not find its assessment of the aforementioned constitutional claims debatable or wrong, IT IS FURTHER HEREBY ORDERED that a Certificate of Appealability (COA) is DENIED.  See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

SO ORDERED, this the 5th day of March, 2015.

/s/ David Bramlette<br>
UNITED STATES DISTRICT JUDGE